IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2009 Session

## GEORGE SANDERS, Individually and d/b/a SMS CONTRACTORS, INC., ET AL. v. DR. SAMMY HOLLOWAY, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-05-0577     Arnold B. Goldin, Chancellor

No. W2008-02566-COA-R3-CV - Filed December 9, 2009

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Stacy Alane Clinton and Addie Burks, Memphis, Tennessee, for the Appellant, Breath of Life Christian Church.

George D. McCrary, Bartlett, Tennessee, for the Appellee, George Sanders, Individually and d/b/a SMS Contractors, Inc.

Elizabeth B. Stengel and Joseph T. Getz, Memphis, Tennessee, for the Appellee, Bricks, Inc.

### MEMORANDUM OPINION[1]

This lawsuit was commenced by Plaintiff/Appellee George Sanders, individually and d/b/a SMS Contractors, Inc., ("SMS"; collectively, Mr. Sanders) as an action to enforce a mechanics and materialmen's lien filed in the Chancery Court for Shelby County in March 2005. In his complaint, Mr. Sanders named as Defendants Dr. Sammy Holloway (Dr. Holloway); Breath of Life Christian

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Church ("the Church"); National Bank of Commerce ("NBC"); and Bricks, Inc. ("Bricks"). In April 2005, the Church answered and filed a counter-claim against Mr. Sanders and a cross-claim against Bricks. Mr. Sanders answered the Church's counter-claim in June 2005. Bricks answered Mr. Sanders' complaint and the Church's cross-claim in June 2005. In June 2005, Bricks also counter-claimed against Mr. Sanders, and filed a cross-claim against the Church. Mr. Sanders answered Brick's counter-complaint on June 30, 2005; the Church answered Brick's cross-claim on July 15, 2005.

Following considerable discovery and protracted proceedings in the trial court, the trial court issued findings of fact and conclusions of law in the matter on October 10, 2008. The trial court found that, on or about September 24, 2003, the Church and Bricks entered into a general contract wherein Bricks agreed to serve as the general contractor for the completion of construction of a worship center previously begun by another contractor; that the terms and provisions of the contract spoke for themselves; that Bricks retained Mr. Sanders to serve as the project manager with the approval of the Church; that SMS Contractors did work directly for the Church in the capacity of a subcontractor; that Bricks was entitled to a percentage of the profit on work done by SMS pursuant to Bricks' contract with the Church; that the Church did not perform its administrative duties in a timely manner, causing delays; that Bricks was owed $908,868.53 under the contract, not including amounts due under a cost addendum to the contract which was referred to a special master; that Bricks was entitled to receive an 11% "commission" on increased and/or additional costs for any particular line item and on the value of extra work on the project; and that Bricks performed fully and properly and was owed the contract balance of $908,868.68, plus interest in the amount of 2.5% from January 2005. In its findings, the trial court referred the calculation of amounts owed to Bricks under the cost addendum and amounts due to Mr. Sanders or SMS to a special master.

In its conclusions of law, the trial court found that Dr. Holloway had executed the contract on behalf of the Church in his capacity as president of the non-profit corporation. The court dismissed with prejudice the claims against Dr. Holloway in his personal capacity. The trial court held that the Church had materially breached the contract with Bricks, and relieved Bricks from any obligation to complete the project within the time specified in the contract. The court concluded that the Church was not entitled to any set-offs or deductions from amounts owed to Bricks. The trial court dismissed the claims of Mr. Sanders in his individual capacity and dismissed the mechanics and materialmen's lien "filed in support" of his "claims for additional compensation or profit against the Church under the [c]ontract". The court found that SMS was entitled to present to the special master its claims for labor and material provided to the Church in its capacity as a subcontractor. The trial court also held that the Church had failed to demonstrate its allegations of fraud, conversion, breach of contract, or violation of the Tennessee Consumer Protection Act against Bricks or Mr. Sanders. The trial court held that the contract did not provided for the payment of attorneys fees, and reserved the award of discretionary costs pending the conclusion of matters referred to the special master.

In November 2008, Bricks filed a motion moving the court to enter judgment in its favor. On December 8, 2008. The trial court entered an order of judgment in favor of Bricks. In its

December order the trial court held that Bricks was entitled to judgment against the Church in the amount of $908,868.68, plus interest at the rate of 2.5% accruing from January 1, 2005, until paid. The trial court ordered costs to be paid by the Church. The Church filed a timely notice of appeal to this Court. Additionally, SMS, Bricks and the Church have submitted position statements to the special master. The special master had not concluded his report as of November 17, 2009, when the matter was heard by this Court.

### *Issues Presented*

The Church presents the following issues, as we slightly reword them, for our review:

(1)     Whether the trial court erred in its evidentiary rulings by:
    A.    Admitting pay applications into evidence
    B.    Excluding testimony of the Church's witnesses

(2)     Whether the trial court erred by limiting issues at trial to "above the line" items and referring "below the line" items to a special master.

(3)     Whether the trial court erred in its interpretation of the contract and calculation of damages.

(4)     Whether the trial court erred in determining that the Church materially breached the contract.

### *Discussion*

As an initial matter, although neither party to this lawsuit has raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *E.g., State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008)(*no perm. app. filed*); Tenn. R.App. P. 13(b).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *E.g., State ex rel Garrison v. Scobey*, WL 4648359, at *5.

Upon review of the record in this case, we have determined that there has not been a final judgment entered in this case. Reading the trial court's findings of fact and conclusions of law together with its order of judgment in favor of Bricks, we find that trial court has not disposed of Mr. Sanders' claims against Bricks, Bricks' counter-claims against Mr. Sanders/SMS, or the Church's claim of negligent supervision against Bricks. Further, although the parties assert the trial court entered summary judgment in favor of NBC, there is no order disposing of the claims against NBC in the record before us.

Additionally, the trial court's judgment is not final where the amount of damages has not been fully and finally determined. As noted above, the amount of damages to which Bricks is entitled under the cost addendum portion of the contract has been referred to a special master. The determination of amounts due SMS in its capacity as a subcontractor likewise has been referred to a special master. The special master has not yet made his determinations. The order of judgment entered by the trial court in favor of Bricks in December 2008 was not entered as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02, and, indeed, would not be appropriate for a Rule 54.02 designation.

In light of the foregoing, we do not have jurisdiction to adjudicate the issues raised on appeal. This appeal is dismissed for failure to appeal a final judgment. Costs of this appeal are taxed to the Appellant, Breath of Life Christian Church, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-4-